Darby, J.
The defendant demurs to the petition for the reason that the same does not state, facts which show a cause of action against him.
• Briefly stated the petition sets forth, that plaintiff was driving an automobile along a road at a moderate rate of speed, and that when nearing the residence of.the defendant—
"' e‘cut off the gas and spark from the said automobile, and when h'é' liad reached the driveway leading to the defendant’s residence; *334 * * * a known vicious and dangerous dog, owned by the defendant and harbored by him, which habitually ran after automobiles passing along the said Reilly road, ran out of said driveway into and upon said Reilly - road directly in front of said automobile. To avoid hitting and running over the said dog, the plaintiff made a turn to get out of his way, but the dog continued in front of said automobile in such a position that plaintiff struck the said dog with the front wheel of said automobile, without any fault on his part and without any negligence on his part, throwing the said automobile out of control, and causing it to run into a tree on the north side of the said Reilly road, and the plaintiff was thrown with great force and violence against the top and wind shield of said machine and rendered unconscious.”
The plaintiff claimed in argument that his action is justified by Section 5838, General Code, which is in the chapter on animals, under the head of “Dogs.’’ The entire section is as follows:
“A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal, or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done.”
The defendant claims that this section does not apply to a case of this kind. The history of the section shows that it was passed in the first place to protect animals, and it was not until 94 Ohio Laws, 118, that the word “person” appears in the section.
The so-called “dog bite” cases under this section are familiar. It has been held that this section being in derogation of the common law, must be strictly construed. Kleybolte v. Buffon, a minor, 89 O. S., 61. On page 66 of the opinion in that case, the court say:
“The statute which we have quoted is in derogation of the common law, in that it dispenses with scienter. The court can not read into it anything which does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms. It is provided that the owner of the dog which inflicts the injury shall be liable to the person dam *335 aged to the full amount of the injury done. If it had been intended that the injured party should have the right to recover exemplary or punitive damages, or any damages other than actual damages, the Legislature would have made such a provision.”
For the purposes of this case the statute may be considered as though it read as follows:
A dog that injures a person can be killed, etc. The owner of such dog shall be liable to a person damaged for the injury done.
It will hardly be claimed that if a dog injures a person by jumping upon him and throwing him down, and throwing its body upon the person, the owner would not be liable under this section.
The statute does not undertake to define the manner of the injury; but whether the injury is by biting, or in any other form, the statute seems to allow an action against the owner.
• In support of the petition, the plaintiff cites Tasker v. Avey, 96 Atl., 737. The statute of Maine provided as follows:
“When a dog does damage to a person or his property, his owner or keeper, * * # forfeits to the person injured the amount of the damage done, provided the said damage was not occasioned through the fault of the person injured; to be recovered by an action of trespass;”
This statute seems to be in substance the same as the Ohio section quoted, except that the person is ahead of the property.
The facts of the case were that the plaintiff was driving along the highway in the exercise of reasonable care and the defendant’s dog suddenly—
“Jumped directly in front of my machine, and so quick, I did not have time to apply the brakes before it struck him. The left-hand wheel struck him and jacked the machine around across the ditch, blown out of the solid ledge, and tipped it over.”
The Supreme Court sustained a verdict for the plaintiff upon this state of facts under the law as above quoted.
Williams v. Brennan, 213 Mass., 28, is a similar case. The statute provided—
*336 “The owner-or beeper of a dog shall be liable in an action of tort'to a person injured by it in double the amount of damages sustained by him.”
The syllabus is as follows:
“If the act of a dog causes an automobile to skid from the right-hand side of a public way and to go directly in front- of a horse'that is being driven slowly in-the opposite direction on the other side of the way, whereupon the horse rears and descends upon the top of the automobile, injuring it, ill an action by the owner of the automobile against the owner of the dog under R. L., chap. 102, Section 146, for double the amount of the damages thus 'sustained, the jury is warranted in finding that the -dog was the sole, direct and proximate cause of the injury. ’ ’
-It was suggested in argument that the petition shows that the act of the dog was not the proximate cause of the injury,. and therefore that the petition is demurrable. . This is too .narrow a construction of the petition.
The allegation is that the dog as was his habit ran into the road directly in front of the automobile, and that to avoid hitting him, the plaintiff made a turn to get out of his way, “but the dog continued in front of said automobile in such a position that plaintiff struck the said dog witli the front wheel of said automobile * * * throwing the said automobile out of control and causing it to run into a tree, etc.”
The dog persisted in its action and caused the plaintiff to strike it, bringing about the accident.
It was within the power of the Legislature to make the owner of the dog liable for injury to persons, and the court is of the opinion that by that section it has provided for just such a case as. this.
_ Upon this construction of the statute, and by the authorities above referred to, the demurrer is overruled.